**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| YOGAWORKS, INC., a Delaware corporation, | Case No. 20-12599 (KBO) |
| Debtor. | |
| In re: | Chapter 11 |
| YOGA WORKS, INC., a California corporation, | Case No. 20-12600 (KBO) |
| Debtor. | |

**DEBTORS' MOTION FOR ENTRY OF AN
ORDER (I) DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES, AND (II) GRANTING RELATED RELIEF**

YogaWorks, Inc., a Delaware corporation ("YogaWorks"), and Yoga Works, Inc., a California corporation ("Yoga Works" and collectively with YogaWorks, the "Debtors") hereby file this motion ("Motion") seeking the entry of an order, substantially in the form attached hereto as Exhibit A, (i) directing the joint administration of these chapter 11 cases; and (ii) granting related relief as more fully set forth in this Motion. In support of this Motion, the Debtors rely on the *Declaration of Brian Cooper in Support of First Day Motions* (the "First Day Declaration") filed contemporaneously herewith. In further support of this Motion, the Debtors submit as follows:

**JURISDICTION, VENUE, AND PREDICATES FOR RELIEF**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are section 105(a) of the

1

Bankruptcy Code, Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1015-1 and 9013-1(m) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3. Pursuant to Local Rule 9013-1(f), the Debtors hereby consent to the entry of a final order or judgment by the Court if it is determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

## BACKGROUND

4. On October 14, 2020, the Debtors, filed their respective chapter 11 petitions with this Court ("Petition Date"). The Debtors continue to operate their businesses and manage their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No creditors' committee has been appointed in these cases. No trustee or examiner has been appointed.

6. YogaWorks and Yoga Works are related entities. YogaWorks is a Delaware C corporation that holds all the stock of Yoga Works. YogaWorks is organized under the laws of Delaware. Yoga Works is a California C corporation that holds all the operating assets of the Debtors. Yoga Works is a wholly owned subsidiary of YogaWorks and is organized under the laws of California.

7. YogaWorks is a yoga business with over sixty (60) studio locations across the United States in Los Angeles, Orange County, Northern California, New York City, Boston, Baltimore, the Washington, D.C. area, Houston and Atlanta. The Debtors' corporate headquarters was located in Culver City, California until mid-2020 when it was moved to Santa Monica, California.

8. The founders developed a unique style and philosophy of yoga that is now known as the "YogaWorks yoga" style. "YogaWorks yoga" is a vinyasa-based, carefully-instructed flow that observes a distinct approach to sequencing and breaks down the yoga poses with particular attention to detail. It strengthens the body with the use of traditional poses, invigorating vinyasa flows, twisting and balancing sequences, inversions, core engagement and restorative supine postures to slow down and reset. The Debtors also expanded their business model to include teacher training and in 2013, began a portion of their business to include pre-recorded classes online.

9. There is substantial overlap with respect to the Debtors. In light of this overlap, the Debtors believe that joint administration will avoid otherwise unnecessary and expensive duplication of effort and papers caused by preparing and serving the same creditors with multiple sets of differently-captioned but otherwise identical papers. The relief proposed herein will enable the Debtors to avoid the substantial cost of preparation, filing and serving duplicative motions in each proceeding, and the consequent burden on the estates and the Court.

10. By jointly administering the Debtors' estates, creditors will receive appropriate notice of matters involving each of the Debtors, thereby ensuring that creditors are fully informed of matters potentially affecting their claims. In short, joint administration of the Debtors' cases, including (i) the combining the estates by using a single docket for administrative matters, including a listing of claims filed, and the filing, lodging and docketing of pleadings and orders, (ii) the use of a single pleadings docket, (ii) the combining of notices to creditors and parties-in-interest of the different estates, (iii) the scheduling of hearings; (iv) financial reporting by the Debtors; (v) the joint and several liability of the estates for administrative purposes; and (vi) the joint handling of other purely administrative matters, will

aid in expediting the cases and rendering the process substantially less costly, without prejudicing the substantive rights of any creditor.

## RELIEF REQUESTED

11. The Debtors seek entry of an order, substantially in the form attached hereto: (a) directing procedural consolidation and joint administration of the above-captioned chapter 11 cases; and (b) granting related relief. The Debtors request that one docket be maintained for the jointly-administered cases under the case of YogaWorks, Inc., a Delaware corporation, and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

| In re: | Chapter 11 |
|---|---|
| YOGAWORKS, INC., a Delaware corporation, et al., | Case No. 20-12599-KBO |
| Debtors.[1] | Jointly Administered |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are (1) YogaWorks, Inc., a Delaware corporation (9105), and (2) Yoga Works, Inc., a California corporation (0457).

12. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

13. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of YogaWorks, Inc., a Delaware corporation, to reflect the joint administration of these chapter 11 cases.

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of:

4

YogaWorks, Inc., a Delaware corporation, Case No. 20-12599 (KBO); and Yoga Works, Inc., a California corporation, Case No. 20-12600 (KBO). The docket in Case No. 20-12599 (KBO) should be consulted for all matters affecting this case.

## **BASIS FOR RELIEF**

14. Although the Bankruptcy Code specifically provides for joint administration of limited types of cases (*See* 11 U.S.C. § 302(a) (permitting the filing of joint petitions by spouses)), there is no provision in the Bankruptcy Code governing joint administration of cases generally. Bankruptcy Rule 1015(b), however, makes clear that joint administration may be appropriate when two or more related debtor entities, whether spouses, partnerships, or corporations, have filed for protection under the Bankruptcy Code.

15. Bankruptcy Rule 1015(b) states in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015.

16. Section 101(2) of the Bankruptcy Code defines "affiliate" to mean, among other things:

> (A) entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities.
>
> (B) corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities.

17. As set forth in Collier on Bankruptcy, an order authorizing joint administration contemplates the following relief:

(1) combining the estates by using a single docket for administrative matters, including a listing of claims filed, and the filing, lodging and docketing of pleadings and orders;

(2) the combining of notices to creditors and parties-in-interest;

5

  (3)  the scheduling of hearings;

  (4)  financial reporting by the Debtors;

  (5)  the joint and several liability of the estates for administrative expenses; and

  (6)  the joint handling of other administrative matters.

*See Collier on Bankruptcy*, Forms 8.92-1, 8.92-4, and 8.92-5, reprinted on *Collier on Bankruptcy 16th Ed.* (2020).

  18.  Joint administration is warranted in the Debtors' cases. As stated above, YogaWorks and Yoga Works are related entities. YogaWorks is a Delaware C corporation that holds all the stock of Yoga Works. YogaWorks is organized under the laws of Delaware. Yoga Works is a California C corporation that holds all the operating assets of the Debtors. Yoga Works is a wholly owned subsidiary of YogaWorks and is organized under the laws of California. Based on this relationship, the Debtors plainly are "related" and are "affiliate[s]" as those terms are used in the Bankruptcy Code. *See* 11 U.S.C. § 101(2).

  19.  Further, Local Rule 1015-1 provides authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

  20.  Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple related debtors. *See, e.g., In re Mac Acquisition LLC*, No. 17-12224 (MFW) (Bankr. D. Del. Oct. 19, 2017) (directing joint

administration of chapter 11 cases); *In re GST AutoLeather, Inc.*, No. 17-12100 (LSS) (Bankr. D. Del. Oct. 4, 2017) (same); *In re Appvion, Inc.*, No. 17-12082 (KJC) (Bankr. D. Del. Sept. 14, 2017) (same); *In re Model Reorg Acquisition, LLC*, No. 17-11794 (CSS) (Bankr. D. Del. Aug. 29, 2017) (same); and *In re Sugarfina, Inc.,* No. 19-11973 (MFW) (Bank. D. Del. Sept. 6, 2019) (same).

21. Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Joint administration will substantially reduce the costs of administering the Debtors' cases and will serve to eliminate the inefficiency created by maintaining separate dockets. To a great extent, the Debtors anticipate that numerous similar, if not identical, applications, motions and orders will be involved in the Debtors' cases. Joint administration will avoid wasting resources that would result through duplication of effort if the cases involving the Debtors were to proceed separately. The Debtors' creditors stand to benefit from the increased efficiency of administration anticipated through joint administration because they will not be required to review and separately respond to substantially similar motions, disclosure statements, and other pleadings that would otherwise be filed in separate cases. On the other hand, joint administration will permit the Debtors to respond more efficiently to the demands of their creditors, and will reduce attorneys' fees, copying costs, mailing costs and costs of administering the cases.

22. Moreover, through joint administration of the Debtors' cases, this Court and the Bankruptcy Court Clerk's office will be relieved of the burden of having to file and maintain dockets and case files for each of the related cases. Furthermore, joint administration will allow the Office of the United States Trustee for the District of Delaware and all parties in interest to

monitor these chapter 11 cases with greater ease and efficiency.

23. Joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## NOTICE

24. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors; and (c) counsel to the Debtors' DIP lender Serene Investment Management, LLC, Randy Michelson, Esq., Michelson Law Group, 220 Montgomery Street, Suite 2100, San Francisco, CA 94104; and (d) counsel to Great Hill Partners, Kelly Dybala, Esq., Sidley Austin, 2021 McKinney Ave., Suite 2000, Dallas, TX 75201 and Matthew A. Clemente, Esq., Sidley Austin, One South Dearborn Street, Chicago, IL 60603. As this Motion is seeking "first day" relief, within forty-eight hours of the entry of an order approving this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

25. No prior request for the relief sought in this Motion as been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter an Order, in substantially the form attached hereto as Exhibit A, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: October 15, 2020.
Wilmington, Delaware

**COZEN O'CONNOR**

*/s/ Thomas J. Francella, Jr.*
Thomas J. Francella, Jr. (DE Bar No. 3835)
Thomas M. Horan (DE Bar No. 4641)
1201 North Market Street, Suite 1001
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 250-4495
E-mail: tfrancella@cozen.com
E-mail: thoran@cozen.com

and

**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
Alan J. Friedman (CA Bar No. 132580)
Melissa Davis Lowe (CA Bar No. 245521)
100 Spectrum Center Drive; Suite 600
Irvine, CA 92618
Telephone: (949) 427-1654
Facsimile: (949) 340-3000
E-mail: afriedman@shulmanbastian.com
mlowe@shulmanbastian.com
*Proposed Counsel to the Debtors and Debtors in Possession*

EXHIBIT "A"

Proposed Order

Case 20-12600-KBO    Doc 3    Filed 10/15/20    Page 10 of 10

EXHIBIT "A"

Proposed Order